IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00428-BNB

CHARLES ROBERT HOLLAND,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al.,
PHYSICIAN HEALTH PARTNERS (PHP), CDOC Medical Care Providers,
DR. PAULA J. FRANTZ, CDOC Chief Medical Officer, and
BRIAN WEBSTER, Physician Assistant (SCF),

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Charles Robert Holland, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, Correctional Facility. He initiated this action by submitting to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The Court reviewed the documents and determined they were deficient. Therefore, in an order filed on February 29, 2008, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Holland to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

The February 29, 2008, order pointed out that Mr. Holland failed to submit a certified copy of his trust fund account statement for the six-month period immediately proceeding this filing. The order also pointed out that the Prisoner Complaint he

submitted was missing pages five and six. The order warned Mr. Holland that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice. Mr. Holland has failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way.

Subsection (a)(2) of 28 U.S.C. § 1915 (2006) requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The February 29, 2008, order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. By failing to submit a copy of his trust fund account statement certified by the appropriate prison official, Mr. Holland has failed to cure all the deficiencies listed in the February 29 order within the time allowed. The complaint and the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed and for failure to prosecute. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for failure to cure and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed pursuant to 28 U.S.C. § 1915 is denied.

DATED at Denver, Colorado, this 15 day of April, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00428-BNB

Charles Robert Holland
Prisoner No. 137451
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4-16-08

                                      GREGORY C. LANGHAM, CLERK

                            By: _____
                                          Deputy Clerk